KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
BRIAN G. LEE (State Bar No. 300990)
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

**Clif Alexander** *(Application for Pro Hac Vice Forthcoming)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren Braddy** *(Application for Pro Hac Vice Forthcoming)*
Texas Bar No. 24071993
lauren@a2xlaw.com
**Anderson2X, PLLC**
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### BAKERSFIELD DIVISION

| | |
|---|---|
| ROBERT COX Individually and on behalf of all others similarly situated<br><br>   *Plaintiff,*<br><br>v.<br><br>OCCIDENTAL PETROLEUM CORPORATION, and DOES 1–10, Inclusive<br><br>   *Defendants.* | No. _____<br><br>**COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT**<br><br>COMPLAINT FOR:<br><br>1. Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*<br>2. Violation of CAL. LAB. CODE §§ 510, 1194–1194.5<br>3. Violation of CAL. LAB. CODE §§ 226.7, and 512;<br>4. Violation of CAL. LAB. CODE § 226;<br>5. Violation of CAL. LAB. CODE § 203;<br>6. Violation of CAL. BUS. & PROF. CODE § 17200, *et seq.*<br><br>JURY TRIAL DEMANDED |

---

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

Plaintiff Robert Cox, individually and on behalf of all opt-in plaintiffs and others similarly situated, (hereinafter "Plaintiff and Putative Class Members") who worked for Occidental Petroleum Corporation (hereinafter "Oxy") and were paid a day rate and no overtime during the relevant time period and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 29 U.S.C. § 216(b) (FLSA) and pursuant to California Labor Code sections 203, 226, 226.7, 510, 512, 1194, and 1194.5, California Unfair Competition Law, California Business and Professions Code section 17200, *et. seq.*, and Industrial Welfare Commission Wage Order No. 16-2001 (hereinafter "California Laws")

## OVERVIEW

1.     Plaintiff brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C.  201, *et seq.* ("FLSA") for unpaid overtime wages on his own behalf, and on behalf of all other similarly situated individuals.

2.     Plaintiff further brings this class action pursuant to California Labor Code §§ 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1194.5; IWC Wage Order No. 16-2001; and California Business and Professions Code §§ 17200, *et seq.*

3.     This complaint challenges Oxy's systemic illegal employment practices resulting in violations of the stated provisions of the FLSA, the California Labor Code, and corresponding IWC Wage Order.

4.     Plaintiff Cox was employed as a non-exempt Well Site Manager at Occidental Petroleum Corporation's Elk Hills ("Oxy") operations from approximately 2009 through October 2014. Plaintiff Cox brings this action individually and on behalf of all other similarly situated non-exempt Well Site Managers ("Putative Class Members") employed by Oxy throughout the United

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

States during the preceding four years and through the final disposition of this matter.

5.   Plaintiff and the Putative Class Members did not, and currently do not, perform work that meets the definition of exempt work under the FLSA or California Laws.[1] Specifically, Plaintiff and the Putative Class Members performed manual and routine job duties in the oilfield.

6.   Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the California Laws as a class action pursuant to Federal Rule of Civil Procedure 23.

## THE PARTIES

7.   Plaintiff Robert Cox ("Cox") worked for Oxy within the meaning of the FLSA and the California Laws in Kern County, California, which is within this judicial district during the relevant time-period.[2]

8.   The Putative Class Members include those current and former Well Site Managers who worked for Oxy in the past four years and through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Cox worked and was paid.

9.   The Putative Class Members include: the FLSA Collective Members, as defined in Paragraph 25, who worked in various locations across the

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Webster v. Pub. Sch. Employees of Wa., Inc.,* 247 F.3d 910, 914 (9th Cir. 2001) ("The FLSA is to be liberally construed to apply to the furthest reaches consistent with Congressional direction. To that end, FLSA exemptions are to be narrowly construed against . . . employers and are to be withheld except as to persons plainly and unmistakably within their terms and spirit.").

[2] Plaintiff Cox's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

3

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

United States of America; and the California Class Members, as defined in Paragraph 33, who worked in California.

10.    Defendant Occidental Petroleum Corporation ("Oxy") is a for-profit corporation incorporated in the State of Delaware with its principal office in Houston, Texas. Oxy may be served through its registered agent for service of process: **CT Corporation System, 818 West 7th Street, Suite 930, Los Angeles, California 90017.**

11.    Oxy is a covered employer under the FLSA and the California Labor Code and acted as such in relation to Plaintiff and the Putative Class Members at all relevant and material times discussed herein.

12.    Plaintiff does not know the true names or capacities—whether individual, partner, or corporate—of Defendants sued herein as DOES 1 through 10, inclusive. It is for that reason said Defendants are sued under fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities of such defendants are known. Plaintiff alleges, on information and belief, that each Defendant designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and the Putative Class Members to be subbed to the illegal employment practices, wrongs, and injuries complained of herein.

13.    At all relevant times, Oxy and DOES 1 though 10 were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

14.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1194.5.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq*.

16.    This Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

17.    This Court has personal jurisdiction over Oxy because the cause of action arose within this District as a result of Oxy's conduct within this District.

18.    Venue is proper in the Eastern District of California, Bakersfield Division because this is a judicial district and division where a substantial part of the events or omissions giving rise to the claims occurred.

19.    Specifically, Oxy has maintained a working presence throughout this District and Division as Plaintiff and the Putative Class Members regularly worked in Kern County, California.

20.    Venue is therefore proper in this Court pursuant to 29 U.S.C. § 1391(b).

## FLSA COVERAGE

21.    At all material times, Oxy has been an employer within the meaning of section 203(d) of the FLSA.  29 U.S.C. § 203(d).

22.    At all material times, Oxy has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Oxy has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

23.    At all material times, Plaintiff and the Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

07. Specifically, Plaintiff and the Putative Class Members provided services to Defendant that were necessary to the production of oil and gas that is sold in the United States and abroad.

24.    At all material times, Oxy has had, and continues to have, an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

25.    The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for Occidental Petroleum Corporation at any time in the last three years and through the final disposition of this matter, and were paid a day rate for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

26.    The precise size and identity of the proposed FLSA Collective should be ascertainable from Oxy's business records, tax records, and/or employee or personnel records.

## CALIFORNIA LABOR CODE COVERAGE

27.    All previous paragraphs are incorporated as through fully set forth herein.

28.    The California Class is defined as in Paragraph 33, below.

29.    At all times hereinafter mentioned, Plaintiff and the California Class members have been employees within the meaning of IWC Wage Order 16-2001.

30.    At all times hereinafter mentioned, Oxy has been an employer within the meaning of IWC Wage Order 16-2001.

31.    Plaintiff and the California Class Members were or have been employed by Oxy for the four years preceding this complaint through the final disposition of this matter, and have been covered employees entitled to the

protections of the California Laws and were *not exempt* from the protections of the California laws.

32. Oxy is not exempt from paying overtime benefits under the California Laws.

33. The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to Federal Rule of Civil Procedure 23, is defined as "all current and former employees who worked for Occidental Petroleum Corporation in California at any time in the last four years and through the final disposition of this matter, and were paid a day rate for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek." (hereinafter, the "California Class" or "California Class Members").

34. The precise size and identity of the proposed FLSA Collective should be ascertainable from Oxy's business records, tax records, and/or employee or personnel records.

## STATEMENT OF FACTS

35. Oxy is an international oil and gas exploration and production company with operations in the United States, the Middle East and Latin America.[3]

36. Oxy is headquartered in Houston, Texas, and is one of the largest oil and gas companies in the United States.[4]

37. As part of its production activities, Oxy hires well site managers, like Plaintiff and the Putative Class Members, to oversee the well-completion process.

38. Well Site Managers, such as Plaintiff and the Putative Class Members are charged by Oxy with enforcing its policies and procedures on its well sites.

---

[3] http://www.oxy.com/aboutOccidental/Pages/default.aspx

[4] *Id.*

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

39.    Additionally, Oxy directly or indirectly hired Plaintiff and all other similarly situated employees, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

40.    Oxy maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

41.    Oxy benefitted from the work performed by Plaintiff and other similarly situated employees.

42.    Oxy has misclassified its Well Site Managers as independent contractors and did not pay them any statutorily required overtime compensation pursuant to both Federal and California law.

43.    Plaintiff Cox alleges that the nature of his working relationship with Oxy is that of an employer-employee relationship, and he is entitled to the benefits of an employee under the FLSA.

44.    Importantly, none of the exemptions under either the FLSA or the California Labor Code relieve a covered employer (such as Oxy) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay applicable to Plaintiff and the Putative Class Members.

45.    Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Oxy resulted in the complained of statutory violations throughout the United States.

46.    Plaintiff and the Putative Class Members were (and are) required to work overtime hours when requested by Oxy: their work schedule—set by Oxy—required them to work two weeks on and then have one week off. While working, Plaintiff and the Putative Class Members worked over twelve hours a day, for seven days a week.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

47.    Plaintiff and all other similarly situated employees worked in two-man teams, around the clock. Essentially, Plaintiff and the Putative Class Members would work twelve-hour (12-hour) shifts, seven days a week. While working, Plaintiff and the Putative Class Members were not provided any meal-period or rest-period breaks, and instead worked continuously through their shift. This was necessary because there were no other employees available capable of relieving them of their duties.

48.    Plaintiff and the Putative Class Members regularly worked (and continue to work) over forty (40) hours in a workweek as Well Site Managers.

49.    Plaintiff and the Putative Class Members are compensated by a flat day rate.

50.    Oxy's failure to pay Plaintiff and the Putative Class Members any overtime does not comply with the requirements of the FLSA or California law.

51.    Plaintiff and the Putative Class Members were subject to (and continue to be subject to) the same or substantially similar payment scheme, as described above.

52.    Oxy's failure to compensate Plaintiff and the Putative Class Members for working through their statutorily mandated meal-period breaks does not comply with the requirements of California law.

53.    Additionally, Plaintiff and the Putative Class Members worked without being provided rest periods of at least ten minutes for every four hours worked (or a fraction thereof) and were not compensated one hour of pay at their regular rate of compensation for each day that the rest period was not provided. This too is in direct violation of California labor laws, regulations, and the IWC Wage Orders.

54.    As such, Plaintiff and the Putative Class Members are entitled to additional compensation for those break periods, at their regular rate of pay, pursuant to California law.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

# CAUSES OF ACTION

## COUNT 1

### FLSA Collective Action Allegations

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

55.    Plaintiff and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

56.    Oxy violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

57.    Moreover, Oxy knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation in workweeks in which Plaintiff and the FLSA Collective worked more than 40 hours. 29 U.S.C. § 255(a).

58.    Oxy is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

59.    The decision and practice by Oxy to not pay overtime was neither reasonable nor in good faith.

60.    Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

**B.    COLLECTIVE ACTION ALLEGATIONS**

61.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

62.    Other similarly situated employees have been victimized by Oxy's patterns, practices, and policies, which are in willful violation of the FLSA.

63.    The FLSA collective is defined in Paragraph 25, above.

64.    Oxy's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective Members.

65.    At all relevant times, Plaintiff and the Putative Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Oxy's decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules.

66.    Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Oxy's actions or omissions, as described herein; though Oxy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

67.    Plaintiff and the FLSA Collective Members contend that Oxy's conduct in violating the FLSA was (and continues to be) willful, in bad faith and with reckless disregard of applicable federal law.

68.    Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members

69.    Despite controlling every aspect of Plaintiff and the Putative Class Members' day to day activities, Oxy misclassified Plaintiff and the Putative Class Members as independent contractors and did not pay them the statutorily required overtime.

70.    Oxy, as one of the nation's largest oil and gas companies, is a sophisticated employer, and knew or should have known that Plaintiff and the Putative Class Members were properly classified as employees for overtime purposes under the Fair Labor Standards Act.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

71.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt Well Site Managers entitled to overtime at time and one-half of their regular rates after working more than forty (40) hours in a week.

72.    Accordingly, Plaintiff and the FLSA Collective Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

73.    Oxy employed a substantial number of workers during the past three years and are expected to continue to employ a substantial number of workers through the final disposition of this matter.

74.    Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Oxy will retain the proceeds of its rampant violations.

75.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76.    The FLSA Collective should be certified as defined in Paragraph 29, above.

### COUNT TWO

**Class Action Alleging Violations of the California Labor Code,**

**CAL. LAB. CODE §§ 510, 1194, 1194.5 (2017) and IWC Wage Order 16-2001**

**FAILURE TO PAY WAGES IN ACCORDANCE WITH THE CALIFORNIA LAWS**

77.    All previous paragraphs are incorporated as though fully set forth herein.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

78.    The California Labor Code requires that all employees, including Plaintiff and the California Class Members, receive time and one-half overtime premium compensation for hours worked over eight (8) in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

79.    Despite working over eight hours a day as part of their normal and regular shift, Plaintiff and the California Class Members did not receive any overtime compensation for all hours worked over eight (8) in one day.

80.    The California Labor Code also requires that all employees, including Plaintiff and the California Class Members, receive two times the overtime premium compensation for hours worked over twelve (12) in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

81.    Though Plaintiff and the California Class Members occasionally worked over twelve (12) hours in one day, they did not receive the "double time" compensation required by California law.

82.    The California Labor Code requires that all employees, including Plaintiff and the California Class Members, receive two times the overtime premium compensation for hours worked over eight (8) in one day, in the seventh day of a workweek. CAL. LAB. CODE § 510, 551–52 (2017); IWC Wage Order 16-2001.

83.    Though Plaintiff and the California Class Members regularly worked seven days a week, for twelve hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

84.    This patter, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitled to recovery by Plaintiff and the California Class Members in a civil action, for the unpaid balance of the full amount of overtime wages owing, including liquidated

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

**COUNT THREE**

**Class Action Alleging Violations of the California Labor Code,**

**CAL. LAB. CODE §§ 226.7, 512 (2017) and IWC Wage Order 16-2001**

**FAILURE TO PROVIDE COMPENSATION FOR MISSED MEAL AND REST PERIODS**

85.     All previous paragraphs are incorporated as though fully set forth herein.

86.     In accordance with the mandates of California Labor Code sections 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Putative Class Members had the right to take two uninterrupted thirty-minute meal periods for each day they worked ten (10) hours per day and a ten (10) minute rest period for every four (4) hours worked per day. CAL. LAB. CODE § 226.7 and 512 (2017); IWC Wage Order 16-2001.

87.     Though the California Labor Code requires that all employees, including Plaintiff and the California Class Members, receive two thirty (30) minute meal-period breaks when employed for ten (10) hours per day, Plaintiff and the California Class Members did not receive two meal-period breaks for each day worked, despite working twelve-hour shifts.  CAL. LAB. CODE § 512 (2017); IWC Wage Order 16-2001.

88.     As a pattern and practice, Oxy did not provide Plaintiff and the California Class Members with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

89.     Though the California Labor Code requires that all employees, including Plaintiff and the California Class Members, receive a ten (10) minute rest period for every four (4) hours worked, Plaintiff and the California Class Members did not receive any rest periods during their twelve-hour shifts.  CAL. LAB. CODE § 512 (2017); IWC Wage Order 16-2001.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

90.   As a pattern and practice, Oxy did not provided Plaintiff and the California Class Members with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

91.   Plaintiff and the California Class Members are entitled to receive compensation, at their regular rate of pay, for one hour for each day they were denied their lawfully required meal and rest periods. CAL. LAB. CODE §§ 512 (2017); IWC Wage Order 16-2001.

92.   Oxy's policy, whereby two well site managers work twelve-hour shifts around the clock, fails to provide Plaintiff and the Putative Class Members with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Plaintiff and the Putative Class Members in a civil action, for the balance of the unpaid compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order.

## COUNT FOUR

### Class Action Alleging Violations of the California Labor Code

#### CAL. LAB. CODE § 226

##### VIOLATIONS OF RECORD KEEPING REQUIREMENTS

93.   All previous paragraphs are incorporated as if fully set forth herein.

94.   Section 226 of the California Labor Code requires Oxy to keep accurate records regarding the rates of pay for their California employees and to provide that information to Plaintiff and the California Class Members with their wage payment. Because Oxy misclassified Plaintiff and the Putative Class Members as independent contractors, it did not maintain accurate records of Plaintiff and the Putative Class Members' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Plaintiff and the California Class Members with their wages.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

95.    Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Plaintiff and the Putative Class Members in a civil action, for all damages and/or penalties pursuant to section 226 of the California Labor Code, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit. *See* CAL. LAB. CODE § 226(e).

## COUNT FIVE

### Class Action Alleging Violations of the California Labor Code

#### CAL. LAB. CODE § 203

##### WAITING TIME PENALTIES

96.    All previous paragraphs are incorporated as if fully set forth herein.

97.    At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

98.    As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and Putative Class Members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

99.    The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and Putative Class Members' rights, and done by managerial employees of Defendants.

100.    Defendants' willful failure to provide Plaintiff and Putative Class Members the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Putative Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

1
2
3
4
5

# COUNT SIX

## Class Action Alleging Violations of the California Business and Professions Code

### CAL. BUS. & PROF. CODE § 17200, *et seq.*

### VIOLATION OF UNFAIR COMPETITION LAW

6    101.    All previous paragraphs are incorporated as if fully set forth herein.

7    102.    Oxy has engaged, and continues to engage, in unfair and unlawful
8    business practices in California by practicing, employing, and utilizing the
9    employment practices outlined above by knowingly denying employees: (1)
10   federally mandated overtime wages; (2) minimum overtime wages required by
11   the State of California; (3) meal-period and rest-period break wages; and (4)
12   accurate wage statements.

13   103.    As a result of Oxy's failure to comply with federal and state law, it
14   has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. &
15   PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting
16   any unlawful or unfair business actions or practices.

17   104.    Plaintiff and the Putative Class Members seek full restitution of
18   monies, as necessary and according to proof, to restore any and all monies
19   withheld, acquired and/or converted by Defendants by means of the unfair
20   practices complained of herein.

21   105.    The acts complained of herein occurred within the four years
22   preceding the filing of this action.

23   106.    On information and belief, Defendants have engaged in unlawful,
24   deception and unfair business practices, as proscribed by California's Business
25   and Professions Code § 17200, *et seq.*, including those set forth above, thereby
26   depriving Plaintiff and the Putative Class Members the minimum working
27   condition standards and conditions due to them under the California laws and
28   IWC Wage Orders as specifically described herein.

## CALIFORNIA CLASS ALLEGATIONS

### (Applicable to Counts 2 Through 5)

107.    All previous paragraphs are incorporated as though fully set forth herein.

108.    Plaintiff brings his California Law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Oxy to work in California for the four years preceding this complaint through the final disposition of the matter.

109.    Class action treatment of Plaintiff's California claims is appropriate because, as alleged herein, all of Rule 23's class action requisites are satisfied.

**Numerosity:** The number of the California Class Members is, on information and belief, so numerous that joinder of all class members is impracticable. The identities of the members of the California Class are readily ascertainable by review of Oxy's records.

**Commonality:** Plaintiff is a member of the California Class and all questions of law and fact are common to the class. Specifically, Plaintiff and the Putative Class Members were subject to a uniform misclassification as independent contractors, worked for Oxy as Well Site Managers wherein they worked the same type of work schedule and were paid via a day rate with no overtime compensation.

**Typicality:** As such, the claims that Plaintiff Cox has alleged herein are typical of the claims of the Putative Class Members because they have all, uniformly, been denied the legal and lawful compensation that they are owed.

**Adequacy:** Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Plaintiff is prepared to take all necessary steps to represent fairly and adequately the interests of the Class, as defined above. Plaintiff's attorneys are ready, willing, and able to fully

and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have litigated and settled wage-and-hour cases in the past, and have many wage-and-hour cases pending in federal court in multiple states.

**Predominance:** Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. For example, Plaintiff was not paid overtime for all hours worked in excess of eight (8) hours in a day for each workweek just as those of the California Class Members. The failure to pay overtime was the result of the company-wide conduct of Oxy and these issues, illustrated above, predominate over any other questions of law or fact that may arise in this action.

110.   The California Labor Code upon which Plaintiff bases his Rule 23 California Class Action claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

111.   The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, Oxy would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an action individually would also discourage the assertion of lawful claims by

employees who would be disinclined to file an action against their former and/or current employer for a real and justifiable fear and retaliation and permanent damage to their careers at subsequent employment.

112.   The prosecution of separate actions by the individual members of the California Class (if even possible) would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual members of the California Class against Oxy and which would establish potentially incompatible standards of conduct for Oxy, and/or (b) adjudications with respect to individual members of the California Class which would, practically, be dispositive of the interest of other class members not party to those adjudications or that would substantially impair or impede the ability of the putative class to protect their interests.

113.   Such a pattern, practice and uniform administration of corporate policy regarding the illegal employee compensation described herein is unlawful and creates an entitled to recovery by Plaintiff and California Class Members, in a civil action, for the unpaid balance of the full amount of unpaid wages and subsequent penalties, including interest thereon, attorneys' fees and costs of suit.

114.   Proof of a common business practice and factual pattern, which Plaintiff Cox personally experienced and is representative of, will establish the right of each member of the Putative Class to recover on the causes of action alleged herein.

115.   Accordingly, the California Class should be certified as defined in Paragraph 31, above.

## **ATTORNEYS' FEES**

116.   Plaintiff and the Putative Class Members are entitled to recover their reasonable attorneys' fees, costs and expenses of this action. 29 U.S.C. § 216(b); CAL. LAB. CODE § 1194.3.

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

Plaintiff respectfully prays for judgment against Occidental Petroleum Corporation as follows:

A. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined above in Paragraph 25 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

C. For an Order certifying the California Class as defined in Paragraph 33, and designating Plaintiff as Representative of the California Class;

D. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members back wages that have been improperly withheld;

E. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members damages or penalties pursuant to statute as set forth in California Labor Code section 226;

F. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members waiting time wages according to proof pursuant to California Labor Code section 203;

G. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members, and for liquidated damages equal in amount to the unpaid

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT

compensation found due to Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members;

H. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members the costs of this action;

I. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members attorney's fees;

J. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified California Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

K. For an Order awarding Plaintiff a service award as permitted by law;

L. For an Order compelling the accounting of the books and records of Oxy;

M. For an Order granting such other and further relief as may be necessary and appropriate.

Dated this 27th day of June, 2017.

YOON LAW, APC

By:    _s/ Kenneth H. Yoon_

Kenneth H. Yoon
Attorney for Plaintiff and the
Putative Class Members

COLLECTIVE AND CALIFORNIA CLASS ACTION COMPLAINT