# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBER COX, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**OCCIDENTAL PETROLEUM CORP. and DOES 1 through 10, inclusive,**<br><br>Defendants. | 1:17-cv-00913-LJO-JLT<br><br>**DECISION AND ORDER DENYING REQUEST FOR VOLUNTARY DISMISSAL**<br><br>**(ECF No. 24)** |

On September 25, 2018, the parties filed a stipulation and proposed order for voluntary dismissal of the class and collective actions in this case. ECF No. 24. The class action claims arise under California law, while the collective action claim is brought under § 16(b) of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 216(b). *Id*. The parties represent that the claims of the named Plaintiff and two plaintiffs who joined the collective action have been settled, and seek dismissal with prejudice as to those three Plaintiffs and dismissal without prejudice as to all other individuals. *Id*.

Collective action claims for back wages under the FLSA can be settled or compromised only through a repayment plan supervised by the Secretary of Labor under 29 U.S.C. § 216(c), or by a settlement agreement that has been approved by a district court under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014). The district court may approve a proposes settlement only after "scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) and *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir.

1947)). The settlement may be approved only if it constitutes "a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id*. at 1354. As the fairness of the settlement cannot be determined if the Court is unable to review the agreement, the parties are directed to file the agreement with the Court. The request for dismissal is accordingly DENIED WITHOUT PREJUDICE.

The parties suggest that the settlement agreement should be filed under seal. There exists "a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests" to justify sealing documents. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Documents filed in connections with motions "not more than tangentially related to the merits of a case" may be sealed upon a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). The "good cause" standard is a limited exception to the "strong presumption of access" to court documents, which normally requires that there be "compelling reasons" to seal court documents. *Id*. at 1096-97. As this Court has found in a prior case, a motion to approve a settlement and enter a stipulated judgment is a dispositive motion closely related to the merits of a case, and may be sealed only for compelling reasons. *Hall v. Cty. of Fresno*, No. 1:11-cv-2047-LJO-BAM, 2016 WL 374550, at *6 (E.D. Cal. Feb. 1, 2016); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (a district court's approval of a FLSA settlement is a final judgment on the merits). The Court is not aware of any basis on which to conclude that the proposed settlement here is "not more than tangentially related to the merits" of the case, and accordingly the presumptive "compelling reasons" requirement applies to the sealing request made here.

To meet the "high threshold" of the compelling reasons standard, "the party must 'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cty. of Honolulu*, 477 F.3d 1172, 1179-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

2003)). The determination of what constitutes a compelling reason is "left to the sound discretion of the trial court . . . exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The parties have not yet demonstrated any compelling reasons to justify sealing this settlement. Accordingly, the request to file the settlement agreement under seal is also DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **October 2, 2018**         **/s/ Lawrence J. O'Neill**
                              UNITED STATES CHIEF DISTRICT JUDGE